# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Mackey, on behalf of himself individually and on behalf of all others similarly situated, | Case No. 24-cv-0771 (PJS/DLM) |
| Plaintiff, | |
| v. | **ORDER TO AMEND COMPLAINT TO ADEQUATELY PLEAD SUBJECT-MATTER JURISDICTION** |
| UnitedHealth Group Incorporated; UnitedHealthcare, Inc.; Optum, Inc.; and Change Healthcare Inc., | |
| Defendants. | |

This matter is before the Court on Plaintiff Robert Mackey's Complaint, filed on behalf of himself and all others similarly situated, against several Defendants on March 5, 2024. (Doc. 1.) In his complaint, Plaintiff alleges that this Federal Court has subject-matter jurisdiction over the action based on diversity jurisdiction "under 28 U.S.C. § 1332(d)(2)" because "there are 100 or more Class members," "at least one Class member is a citizen of a state that is diverse from Defendants' citizenship," and "the matter in controversy exceeds $5,000,000, exclusive of interest and costs." (*Id.* ¶ 14.)

Federal courts must inquire into subject-matter jurisdiction, even if no party has raised the issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, U.S. 574, 583 (1999)); *Nyffeler Const., Inc. v. Sec'y of Lab.*, 760 F.3d 837, 841 (8th Cir. 2014) (citing *Arbaugh*, 546 U.S. at 514). Adhering to this obligation, the Court *sua sponte* considers the adequacy of the subject-matter jurisdiction pleading here.

Subject-matter jurisdiction is a threshold requirement for federal-court litigation; without subject-matter jurisdiction, a federal court cannot hear a case. *See e.g.*, *Cath. Mut. Relief Soc'y of Am. v. Arrowood Indem. Co.*, 334 F. Supp. 3d 986, 992 (D. Minn. 2018) (citing *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992)). Here, it is Plaintiff's burden to establish subject-matter jurisdiction is present. *Id.* Plaintiff asserts that this Court has subject-matter jurisdiction over this case based on 28 U.S.C. § 1332(d)(2) (diversity of citizenship jurisdiction in class action cases). (Doc. 1 ¶ 14.) But Plaintiff has failed to establish that subject-matter jurisdiction exists.

Title 28 U.S.C. § 1332(d)(2) states, in relevant part, that "[t]he district courts shall have original jurisdiction of any . . . class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A party asserting subject-matter jurisdiction based on diversity of citizenship must establish, with specificity in the pleadings, the parties' citizenship. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted).

In filing this action, Plaintiff asserts there is subject-matter jurisdiction based on diversity of citizenship between the parties because "Plaintiff Robert Mackey is a resident of California." (Doc. 1 ¶ 10.) Plaintiff then states that

> Defendant Change Healthcare, LLC is a limited liability company that provides healthcare IT services, including security consulting and risk management. Change Healthcare Technology, LLC's principal place of business is 424 Church St. Suite 1400 Nashville, TN, 37219. Change Healthcare is owned by UnitedHealth Group Incorporated, which is headquartered in Minneapolis, MN. . . . Defendant UnitedHealthcare, Inc. is a Delaware corporation with its principal place of business in Minnetonka,

2

Minnesota. . . . Defendant Optum, Inc. is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota.

(*Id.* ¶¶ 11, 12, 13.) Plaintiff's allegations have not established subject-matter jurisdiction based on diversity for two reasons. First, Plaintiff identifies only that he is a "resident of California." (*Id.* ¶ 9.) Second, although Plaintiff adequately pleads the citizenships of Defendants UnitedHealthcare, Inc. and Optum, Inc., Plaintiff states that "Defendant Change Healthcare, LLC is a limited liability company [and its] principal place of business is 424 Church St. Suite 1400 Nashville, TN, 37219." (*Id.* ¶ 11.)

The Court first addresses the issue of Plaintiff's citizenship. "The diversity which confers jurisdiction on a federal court is diversity of citizenship, and not diversity of residence[.]" *Burkhardt v. Bates*, 296 F.2d 315, 315 (8th Cir. 1961). "Residence" and "citizenship" are not the same thing for the purpose of federal diversity jurisdiction. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' . . . —we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.") (citations omitted). Here, Plaintiff alleges diversity of citizenship but does not identify his own citizenship. (Doc. 1 ¶ 10.) Such pleadings are not enough to establish subject-matter jurisdiction.

The Court next addresses the issue of Defendant Change Healthcare, LLC's citizenship.[1] "[F]or purposes of diversity jurisdiction, a limited-liability company ('LLC')

---

[1] In the case caption and Plaintiff's Introduction and Summary of Action, Plaintiff identifies Defendant Change Healthcare as Change Healthcare Inc. (Doc. 1 at 1; ¶ 1.) However, later in his Complaint, Plaintiff identifies Defendant Change Healthcare as

3

takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'" *Key Enterprises, LLC v. Morgan*, No. 12-cv-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013); *accord Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) (quoting *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)). "When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." *Barclay Square Properties*, 893 F.2d at 969 (citing *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988)). "'[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well[,]'" if any. *Fifth Third Mortg. Co. v. Lamey*, No. 12-cv-2923 (JNE/TNL), 2012 WL 5936055, at *1 (D. Minn. Nov. 27, 2012) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

Here, Plaintiff identifies Change Healthcare as an LLC, but fails to specifically identify Change Healthcare, LLC's members, their citizenships, and, where relevant, any sub-members' citizenships. *See Key Enterprises*, 2013 WL 353911, at *1; *Barclay Square Properties*, 893 F.2d at 969. Merely alleging where an LLC is located or headquartered is insufficient. *See Grover-Tsimi v. American Laser Centers, LLC*, 2010 WL 550973, *1 (D. Minn. 2010). Plaintiff must properly allege the citizenship of Change Healthcare, LLC to establish subject-matter jurisdiction exists.

---

Change Healthcare, LLC. (*Id.* ¶11.) The Court will not guess which characterization is accurate and directs Plaintiff to properly identify each Defendant.

4

In sum, the Court finds that Plaintiff has not adequately pled its own citizenship or the citizenship of Defendant Change Healthcare, LLC. This action may not proceed without clarification from Plaintiff on these points.

Courts have the discretion to allow a party to amend a pleading when that party fails to adequately establish the existence of diversity jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms in the trial or appellate courts."); *see also Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Accordingly, this Court will use its discretion to allow Plaintiff to amend his complaint to adequately plead subject-matter jurisdiction. If Plaintiff fails to do so, this Court will recommend this case be dismissed for lack of subject-matter jurisdiction. *Cath. Mut. Relief Soc'y of Am.*, 334 F. Supp. 3d at 992.

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that:

1. Within **14 days** of the date of this Order, Plaintiff must file an amended complaint that complies with the requirements of 28 U.S.C. § 1332; and

2. If Plaintiff fails to adequately plead subject-matter jurisdiction, this Court will recommend dismissal without prejudice.

Date: March 19, 2024         *s/Douglas L. Micko*
                             DOUGLAS L. MICKO
                             United States Magistrate Judge